## GRAY v. WITHERUP, EXR.

*Contracts — Express and implied — Services by member of family — Quantum meruit — Statute of limitations — Promise to compensate by deed or will.*

Plaintiff in his petition alleged that in 1881, at the age of three, he entered the home of the defendant and remained there until 1897, when he left after differences with the defendant; that he returned at the written request of defendant, who, in the presence of witnesses, promised plaintiff a farm of 100 acres, if he would remain with defendant; that thereafter plaintiff moved upon and cultivated the farm, without compensation, until 1904, when defendant compelled him to work it on shares, and later required him to pay rent for the same; that defendant died in 1913, without having carried out the promise made in 1897 to convey the land to plaintiff by deed or will, and without otherwise compensating him for his services from 1897 to 1904. *Held:*

1. Plaintiff was a member of the family of defendant, and therefore can recover only upon an express contract for personal services rendered.

2. Under the pleaded facts, if plaintiff sought to recover upon *quantum meruit* for personal services upon an implied contract entered into in 1897, such contract was terminated by defendant in 1904, at which time the statute of limitations commenced to run, and therefore an action thereon is barred.

(Decided July 2, 1917.)

ERROR:    Court of Appeals for Cuyahoga county.

*Mr. L. Z. Tanney,* for plaintiff in error.

*Messrs. Fleharty, Corlett & Landfear,* for defendant in error.

LIEGHLEY, J.   The parties stood in the same order below. The plaintiff filed his petition in the court of common pleas alleging that when about three years old, with the consent of his mother,

he was taken into the home of Sanford Gray, deceased, of whose estate the defendant is executor, and remained in said home until he was of the age of nineteen years; that on the first day of October, 1897, some difference arose between him and the deceased, and he thereupon left said home; and that shortly thereafter the deceased wrote him a letter asking him to return, and in response thereto he did, and that deceased thereupon, standing in view of the premises, and in the presence of witnesses, said to plaintiff: . "If you will come back to stay with me I will give you that hundred acre piece north of the road when I am through with it."

Plaintiff says that in pursuance of said promise he returned and lived with deceased from 1897 to 1899, when he married and moved upon the particular hundred-acre piece in question; that he continued to farm said land until 1904, without compensation, beyond the necessaries of life; that in 1904 the deceased required him to cultivate said land on shares, and, subsequently thereto, required him to pay money rent for the use of the same.

Plaintiff further says that said Sanford Gray died on or about the 26th day of September, 1913, and failed to carry out the said promise claimed to have been made in 1897 to either convey said land to him or devise the same by will to him, or to otherwise compensate him for his services from 1897 to 1904.

He says he presented his claim to the defendant, executor of said estate, which was rejected, and he

prays for $10,000 as the reasonable value of the services so by him then and there performed.

Defendant by way of answer, among other things, sets forth that plaintiff had heretofore instituted an action for specific performance of the same contract set forth in the petition herein, and that as a result of that litigation this court had denied the relief prayed for in that case; that said judgment remains unrepealed, unreversed and in full force and effect.

This case came on for trial in the court below, and upon motion by the defendant for judgment on the pleadings, the same was granted, from which judgment error is prosecuted to this court to reverse the same.

The plaintiff relies upon the case of *Walters, Admr.,* v. *Heidy,* 1 Ohio App., 66. We think that the facts of that case are clearly distinguishable from the facts in the case at bar.

Under the holdings in this state we are satisfied that in contemplation of law plaintiff was a member of the family of deceased. Therefore the plaintiff must recover, if at all, upon an express contract for personal services rendered. *Hinkle et al., Exrs.,* v. *Sage,* 67 Ohio St., 256, and *Merrick* v. *Ditzler,* 91 Ohio St., 256.

Looking at the facts stated in the petition from another viewpoint, in view of the fact that plaintiff may claim the right to recover upon an implied contract for personal services as upon a *quantum meruit,* it seems to us that the facts stated in the petition tend to rebut the claim of plaintiff that the deceased considered that he had such a contract with the plaintiff. The petition itself states that

in 1904 the deceased required plaintiff to cultivate said farm on shares, and thereafter for money rent, which is inconsistent with the promise said to have been made by the deceased in 1897. No compensation is sought for the services of plaintiff after 1904. It is apparent that if there ever was a contract for personal services, the deceased expressly terminated that contract in 1904, and if there was such a contract, and anything was due under it, the statute of limitations began to run against that claim in 1904 and it is therefore barred by the statute.

The judgment of the court of common pleas is affirmed, with costs assessed against the plaintiff in error.

*Judgment affirmed.*

GRANT and CARPENTER, JJ., concur.